LipscoMb, J.
The appellant was indicted under the statute for keeping a faro bank. He pleaded in abatement that, from the in-dorsement on the indictment, it purported to be found on the joint testimony of John klcPeynolds and B. N. Smith, when, as the defendant was' informed and believed, Smith did not testify before. the grand jury; and he further pleaded not guilty. To the plea in abate *(101) ment there was a demurrer, and the demurrer was sustained. The jury found him guilty and judgment was rendered on their verdict. The error relied on is, that the court below ought to have sustained his plea in abatement. By the 15th section of an act of the first session of the legislature of the state, to regulate juries, p. 174, it is provided “ that the foreman of the grand jury shall have power to swear any witness to testify before the grand jury, and it shall be his duty to indorse on the back of each presentment or indictment, the name or names of the witnesses for prosecution upon whose evidence the presentment or indictment was found, certifying- thereto as foreman.” The provisions of the law just cited are clearly in their character directory to the foreman. It is a direction to him to do an act that does not require the concurrence of the grand jury. It may be done without their knowledge and consent; it is not a constituent part of the indictment itself, nor of the finding of the grand jury; no more so than an indorsement made by the clerk when it was received that it was in open court.
Should it be held that it is essential to the indictment that the indorsement should be made, the consequence would be that the foreman of the grand jury could, by accident or design, destroy the validity of an indictment after it had been duly found, by omitting to indorse the names of all the witnesses on it, and this he could do if opposed to the return, without the knowledge of the rest of the jury. That such could have been the intention of the law would require the clearest and most unequivocal language to justify the conclusion. Such, however, was not the intention and such are not the legal consequences of the indorsement. We have said, that it is merely directory to the foreman, and several conclusions doubtlessly influenced the legislature in the enactment of the law. It afforded the prosecuting attorney a convenient reference on the trial of the names of the witnesses to prove the offense charged. It enabled the accused, by knowing the names of the witnesses, not only to make his objection to their competency, but to prepare for discrediting them should they not be worthy of credit. This had become more necessary, since, by the change of the law the witnesses were not sworn in open court, but by the foreman of the grand jury; and we have no doubt but that the accused had a right to insist on the names of the witnesses being indorsed, before he could be required to plead; and it would seem if any of them were incompetent, that he ought to be allowed the benefit of excepting to such want of competency, because the finding of the grand jury ought to be on legal testimony. But in the case before us there was no objection to the competency of the witness who was *(102) sworn, and tbe plea of abatement is founded on tbe fact of there being two names indorsed on tbe indictment, when, in truth, only one of them bad given evidence. This, in a matter not requiring two witnesses, could not, in the very remotest degree, affect tbe rights of tbe accused. Tbe name of the witness who bad testified bad been furnished by tbe indorsement, thereby affording to him all tbe advantages that could have been contemplated by the-law, and tbe mere fact of another name being there also could not in any wise abridge his rights. It was no ground of objection and there was no error in sustaining the demurrer.
Judgment affirmed.