### CHAS. F. SCHWEIR v. THE STATE.

#### No. 3139.   Decided May 23, 1906.

**1.—Embezzlement—Other Offenses—Bill of Exceptions.**

Upon an appeal for a conviction of embezzlement where the bill of exceptions to the introduction of testimony of other offenses, simply refers to the page in the transcript, it did not present this matter in such tangible shape as that it could be considered. The bill should have been in such form and sufficiently complete that the court would not have to travel through the entire record to ascertain what appellant was objecting to and his reasons therefor.

**2.—Same—Stenographic Report—Original Documents—Practice on Appeal.**

Where upon appeal from a conviction of embezzlement, no copy was made by the stenographer in his notes of certain sales ticket, and no order of the court appeared in the record to send up said original documents, and no judge's certificate appeared to the stenographic report, or reference was made to or identification had of such papers, they could not be considered as a part of the transcript on appeal.

**3.—Same—Venue—Evidence.**

Where upon trial for embezzlement where the defendant was charged with having embezzled $90.56 from J., in H. County, and the evidence showed among a number

of collections which he made from other parties, he also collected the above amount from J. in H. County and did not account therefor to his principal, the venue was sufficiently proved and the allegation of embezzlement of the above amount was sustained.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Berry Scruggs* and *A. P. McKinnon,* for appellant.—On question of venue: Brown v. State, 23 Texas Crim. App., 214.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and his punishment assessed at confinement in the penitentiary for a term of two years, hence this appeal.

In the brief of appellant's counsel he discusses at length the introduction of certain testimony, which he says is with reference to other offenses than that alleged against appellant in the indictment; and refers to his bills of exception in the statement of facts, pages 38 to 43 inclusive; page 47, and pages 48 to 51 inclusive; and pages 52 to 54 inclusive. Evidently counsel intended that this court should travel over this entire record as presented in reference to the statement of facts in order to make out his bill of exceptions. We have heretofore held that while it was competent to take a bill of exceptions in the statement of facts, the bill must be presented in the statement of facts in such form and in such completeness as that the matter excepted to could be readily ascertained by the court; that the court would not travel over a number of pages of questions and answers to determine what really was excepted to. A. C. Stephens v. State, Dallas Term, 1906, and J. R. Green v. State, Austin Term, 1906.

Recurring to the record, we find nothing on page 38 with reference to this matter in the shape of a bill. On page 39 we find that in the examination of the witness Fry, the State was asking him whether certain sheets of paper, which had been testified about, one yellow and the other white, showing sales to customers, the white being kept by the house and the yellow given to the customer, both duplicates of each other, the State asked the witness, "whether or not in connection with the conversation had by you with Schweir any discussion arose as to the failure of those to correspond with each other." And he replied, "Yes, sir." He was then asked, "If he made any explanation why they did not correspond: state what he said? This was objected to on the ground that the same was "immaterial, irrelevant and prejudicial." Marked "Overruled, and defendant excepts." He was then asked, "How did he explain the failure of the two to correspond?

Answer: Schweir merely admitted that he had made changes purposely." He was then asked, "What did he say his purpose was in making the change?" And he replied: "I don't recall at present moment that he gave any distinct explanation, except that he admitted having made the changes." And he was then asked: "What disposition would he make of each (these slips) in the ordinary course of business?" Witness answered: "The original is supposed to be retained as record in the office, and the duplicate goes to the customers, as my understanding of that detail goes." Defendant objected because witness must speak only from his knowledge; and the objection sustained.

On page 41 there were two objections urged to testimony. Appellant objected to the testimony relative to the disposition of the two papers on the ground that the witness was not qualified to testify thereto; and again on the same page the question was asked: "In discussing this matter with Schweir was this matter of the discrepancy of the receipt of customer and one reported to the house being different, discussed by you and Mr. Schweir in conversation?" This was objected to on the ground that it was leading, and it was sustained.

Again on page 42, witness was asked if he designated the white as the original and the yellow as the duplicate. This was objected to because immaterial, irrelevant and prejudicial. He was then asked: "Was it apparent from inspection of the papers as to which was the original and which was duplicate?" Counsel objected because improper and matter for jury to determine. This objection was sustained. Witness was then asked: "Do you know which is the original and duplicate by inspection of them?" This was objected to on the ground that the question was immaterial as to what witness knew. Overruled. Exception taken. Witness answered, "The white was retained by the office and the yellow is the receipt given to the customer."

On page 43, this same witness was asked, "Did he (Schweir) state what he had done with the extra money collected according to those receipts?" This was objected to on the ground that it was leading and suggestive and was sustained. Again, he was asked: "If he made any explanations—state what he did with the funds collected from customer additional to that reported to the house as collected; state what that was?" Appellant objected to this because leading, suggestive and assumptive. Overruled, and he excepted. He was then asked, "Do you remember whether or not he said he had turned into the house money not reported on the original?" This was objected to because leading, and overruled; and he excepted. Witness answered, "He admitted having appropriated extra funds to his own account."

On page 47, it is stated: "State offers in evidence the three sales tickets and invoices purporting to be sales to E. Trietz and one to

Espinoza, purporting to be sales in the city; hereto attached and marked exhibits D, D1; E, E1; F, F1; G, G1." Counsel for defendant objected to said documents on the ground that the same is immaterial, irrelevant and prejudicial. Overruled, and he excepted. The sales tickets are not in the stenographic statement of facts. There are some white and yellow tickets with the papers in the case, not attached to the stenographic report or the transcript prepared by the clerk. One of these white and yellow tickets seems to be a sale ticket to Espinoza, and another one to Trietz; and may possibly be the sale tickets referred to. As stated before, no copy is made by the stenographer in his notes of said sales tickets; nor is there anywhere in the record any order of the court to send up said original documents, as seems to be provided for in section 5 of the Act of the Twenty-Ninth Legislature, page 220, with reference to stenographic statement of facts. Nor does the judge's certificate to the stenographic report or to the transcript of the proceedings, contain any reference to or identification of these papers. So they are not in shape to be considered.

We note that counsel for appellant objected to examination relative to documents under consideration on the ground that it is an attempt to prove another and different offense against the defendant, not of the same character of offense as that at bar, defendant having had no opportunity for preparing any defense; did not tend to establish the guilt of defendant and was therefore immaterial, prejudicial and irrelevant. This is marked overruled and appellant excepts. The examination then proceeds as to the sales tickets; and among others to a sales ticket to Espinoza and Trietz; and as to where they were obtained by the witness. If these sales tickets were before us it does not occur to us that the exception taken would be a good one. The fact that appellant objected on the ground that the introduction of said sales tickets was an attempt to prove another and different offense not of the same character of offense as that for which the appellant was being prosecuted, would not be equivalent to an objection on the ground that the same was no part of the res gestæ of the offense against appellant; or that the same did not tend to show system, or that the same did not have some bearing on the intent of appellant as to the particular offense charged against him. But, as stated, these sales tickets are not in the record.

Again on page 49, witness Martin was examined as to the books of the company. He was asked the question, "Were they or not accounts for the Company?" And he answered, "I examined the records that these were listed on." He was then asked, "Are those records there?" He answered, "No, sir." Counsel for appellant objected to the last question and answer on the ground that the same is testimony relevant to records not in evidence and immaterial. This was sustained.

On page 51, N. H. Lassiter was introduced by the State. He was

examined as to hunting up appellant after he had severed his connection with the company, when he was in Fort Worth; and he was asked his purpose in hunting him. This was objected to on the ground that it was leading and was sustained by the court. He was then asked to state what appellant said with reference to whether or not he had gotten the money. This was objected to on the ground that the same is leading and immaterial; overruled, and appellant excepted. He was then asked to state what he said with reference to the money, whether he had received it. He answered, that he said he had. He was then asked, what else did he state at that time. "He said those amounts that I stated to him—he made a copy and asked me for the items, and I gave them to him, and he wrote them down, and said they were correct and all right, but he said he did not know about the stock shortage; that he didn't know whether or not he was responsible for that." Counsel for defendant objected to the last statement with reference to the said stock-shortage as immaterial; and this was sustained.

This presents about all that is referred to and which appellant insists makes out his bill of exceptions to the introduction of testimony of other offenses. We hold that these statements or attempts to take bills of exception to certain testimony do not present this matter in such tangible shape as that we can consider it. If appellant desired a review of this question, he should have taken his bill of exceptions in such form and with such completeness as that the court would not have to travel through the entire record to ascertain what he was objecting to and his reasons therefor. As presented, giving full scope to the exceptions taken, we fail to discover in this connection that the State insisted on proving other offenses, or that this character of testimony was particularly objected to, and reasons stated therefor.

Appellant insists that the case should be reversed because the venue was not proved; that is, that there was no proof to show that the $90.56 was embezzled in Hill County. The proof on this subject was, in substance, as follows: That appellant was the manager of Swift & Company at Waco; that as manager he was authorized to make sales and to collect the money therefor; and that as a part of his business where sales were made he would go out into the adjoining towns and collect moneys for sales; that it was his duty to report these sales to the bookkeeper, at Waco, and he listed his collections to the bookkeeper, and paid over the money to him. On or about the date of the alleged embezzlement, appellant went to Hubbard, Hill County, carrying with him a list of sales tickets or accounts for collection, amounting to something near $500, against parties living at Dawson, Hubbard, and Mountcalm. Among others he carried an account against J. M. Johnson at Hubbard, amounting to $90.56, which amount forms the basis of this prosecution. The evidence shows that he went to each point and made collections. On his return to Waco

that night, he reported the collection of a number of accounts at said places, in all aggregating $401.88, and gave a list of these to the book-keeper and paid over the money to him. On this same trip he collected at Hubbard $90.56. This amount he did not report to the bookkeeper, nor did he pay the money to him; nor has he since paid it to Swift & Company. This, according to our conception, if the testimony is sufficient to show an embezzlement, would authorize a prosecution in Hill County, as the evidence shows that Hubbard is in Hill County; and that is the point where he is shown to have received said money. Article 240, Code Criminal Procedure, authorizes prosecution in the county where the money shown to have been embezzled was received, regardless of the county where it may have been embezzled or regardless of the county where he was to account for the same. See authorities cited in section 1628, White's Ann. Penal Code. Some stress is laid on the fact that this particular fund is not shown to have been embezzled; that is, the money received from Johnson at Hubbard, as appellant had a number of collections to make, and he is shown to have made them, and this money became commingled with other moneys collected by him, and although he may have embezzled money, it may have been money received by him at Dawson or Mountcalm, and not the money received at Hubbard. These latter places are not shown to be in Hill County. Appellant is shown to have accounted for these other moneys, and not to have accounted for the money received from Johnson at Hubbard. It does not occur to us that appellant's contention is well taken. The venue was sufficiently proved. The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.