EARNEST TURNER v. THE STATE.

No. 6325. Decided June 22, 1921.

**1.—Robbery—Husband and Wife—Written Statement—Statutes Construed.**

Article 976, Penal Code, is intended as a means of aiding the officers to ferret out crime, but where the wife of the defendant made a written statement before the justice of the peace under this article of the code, the same could not be introduced in evidence to contradict her testimony upon trial of her husband, and was contrary to Article 795, Penal Code, as this statement could not be used against her husband and was reversible error. Following Johnson v. State, 66 Texas Crim. Rep., 586.

**2.—Same—Evidence—Hearsay—Identification.**

Where, upon trial of robbery, the court admitted in evidence the hearsay evidence of others with reference to the identification of defendant, the same was reversible error. Following Ripley v. State, 51 Texas Crim. Rep., 132, and other cases.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of robbery; penalty, seven years' imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is charged with the robbery of Hernandez, and upon conviction the penalty against him was assessed at confinement in the penitentiary for a period of seven years.

The transaction embraced is the same as has been described in the opinion of this court in the companion cases recently decided. See Hardy v. State, No. 6324, 231 S .W. Rep., 1097; Searcy v. State, No. 6223, 232 S. W. Rep., 319; Searcy v. State, No. 6222, 232 S. W. Rep., 299.

Appellant's wife, Zora Turner, gave some important testimony supporting appellant's defense of alibi. The State used to contradict and impeach her a written statement which she had given under oath in the presence of the justice of the peace and county attorney. As we comprehend the record, Zora Turner, appellant's wife, was brought before the justice of the peace and examined under the authority of Article 976 of the Penal Code, and in obedience to that subdivision of the statute, she made the statement which was used in evidence against the appellant for the purpose of discrediting her evidence given in support of his defense. We are of the opinion that in admitting this evidence the learned trial judge fell into error. Article 976, as we conceive it, is intended as a means of aiding the officers of the law to ascertain facts pertaining to whether an offense has been committed. Assuming that it would be no obstacle to an inquiry under the statute of a wife of one accused of crime, Article 795, in which it is declared that a wife cannot testify against the husband except in a prosecution for an offense committed against her, is an obstacle to the use of this statement of the wife upon the trial of her husband. In the case of Johnson v. State, 66 Texas Crim. Rep., 586, we regard the principle as definitely decided. In that case the facts show that the wife of the accused was summoned by State's attorney before the grand jury to give testimony and that afterwards her statement there made was used to impeach her evidence given upon the trial upon behalf of her husband. Upon this error, a reversal was predicated, upon reason of authority fully set out in the opinion mentioned, which we deem it unnecessary to reiterate, suffice it to say that in the later decision, Doggett v. State, 86 Texas Crim. Rep., 98, 215 S. W. Rep., 454, a like ruling was made, and so far as we are aware, there are no precedents to support a contrary view. The conflict between her testimony upon the trial and that contained in the statement was slight, and was explained by her as an inadvertent omission and not a direct contradiction. Her testimony was upon the vital issue in the case and one upon which the jury might well have found in favor of the appellant, especially in view of the manner in which his identification as one of the assailants of Hernandez was shown.

Hernandez and other Mexicans were occupying a boarding-car and, according to his testimony, were asleep in the night-time when they

were assailed by a number of negroes, and while one of them pointed a pistol at him, another took his money, and yet another, whom he identified as the appellant, struck him with a wrench. He had not previously seen them or known them, and upon his direct examination, he said that upon the night of the robbery, appellant was brought before him by the sheriff and another and by him identified. The witness admitted upon cross-examination that when the appellant was brought before him, he shook his head and said "no," but that later. he knew him. We understand from the record that the time that appellant was brought before Hernandez was on the night of the robbery and such conservation as took place was through the mediation of an interpreter named Frank, the officers and the Mexicans not speaking the same language. The sheriff on the subject testified that, when arrested, the appellant was at hime in bed with his wife. The sheriff said:

"I don't know what the Mexicans said to Frank, but Frank told us the Mexican identified the negro as the one that had hit him. He said he identified Earnest Turner as the one."

And by a companion of the sheriff, it was said:

"The Mexicans identified the negroes by shaking their heads was all I know. Old Frank was there."

Also said that when Turner and Hardy were brought in, Hernandez identified Turner but could not identify Hardy, because he had his face blacked.

The evidence quoted was hearsay and inadmissible, as was also the statement by the witness that Hernandez identified the appellant. Ripley v. State, 51 Texas Crim. Rep., 132; Turman v. State, 50 Texas Crim. Rep., 121; Reddick v. State, 35 Texas Crim. Rep., 467; Murphy v. State, 41 Texas Crim. Rep., 121; Clark v. State, 39 Texas Crim. Rep., 152. Of course, the appellant, by his conduct, of the case might have rendered it admissible, but we discern nothing in the record showing that he did so other than the cross-examination mentioned, and that we regard as insufficient. Upon this point, the case of Clark v. State, *supra,* appears directly in point.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*