## BILL EASTERWOOD V. THE STATE.

No. 18432.   Delivered October 28, 1936.
Rehearing Denied February 17, 1937.

The opinion states the case.

*Frank Cusack,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 15 years.

The opinion on a former appeal is reported in 77 S. W. (2d) 232.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Joe Edmondson by shooting him with a pistol.

The testimony is substantially the same as that adduced on the former trial. However, on the first trial appellant testified; whereas, he failed to take the stand on the present trial.

It was averred in appellant's application for a change of venue that there existed in Ellis County so great a prejudice against him that he could not obtain a fair and impartial trial. Upon a hearing of the application appellant introduced witnesses who testified that in their opinion appellant could not obtain a fair and impartial trial in Ellis County. Witnesses

for the State entertained a contrary opinion. According to their testimony, the case had not been generally discussed in the county and there was no prejudice against appellant. In short, conflicting theories as to prejudice arose from the evidence. Under the circumstances, the trial court had the discretion of adopting either theory; it being his duty to weigh the evidence. McNeely v. State, 283 S. W., 522.

It is shown in bills of exception No. 3 and 4 that the trial court had required the district attorney to furnish appellant the names of the witnesses the State relied upon for a conviction. The name of Roy Vinson, who testified for the State, was not placed on the list. Over appellant's objection the witness was permitted to testify. It is recited in bill of exception 4 that apellant asked the court to grant a continuance to enable him to secure testimony to rebut the testimony of the witness Vinson, who testified as an expert relative to the "various bullet holes." It is not shown that appellant made a written application for a continuance. The bills of exception fail to show the materiality of the testimony of the witness. Under the circumstances, reversible error is not reflected. See Pruett v. State, 24 S. W. (2d) 41.

It is shown in bill of exception No. 8 that the wife of the deceased was permitted to testify that appellant and deceased had a difficulty in her home several months prior to the homicide; that appellant was cursing in her presence; that deceased ordered appellant out of the house. Appellant's objection to this testimony was properly overruled. We quote from Branch's Annotated Penal Code, sec. 1881, as follows: "Antecedent menaces, prior assaults, former grudges, and former quarrels between the parties may be proven to show the state of mind and malice of the accused at the time of the alleged offense and to establish a motive for its commission." In support of the text many authorities are cited, among them being Hill v. State, 161 S. W., 118.

Appellant excepted to the charge of the court on the ground that it failed to submit an instruction covering the law of circumstantial evidence. We think the exception was not well taken. When an officer reached the scene of the homicide appellant was present. He said to the officer: "They ganged me." Again, he said: "I got one of them and the others run off." The officer then threw his flashlight on deceased and asked appellant, "Who is it, Bill?" Appellant replied: "I don't know." A pistol, which was identified as belonging to appellant, was near the body of deceased. It had blood and hair on

it. Appellant had blood on his face and hands. The head and face of deceased had been beaten into a pulp.

In the charge on self-defense the court gave appellant the right to defend against an attack by deceased, acting either alone or in connection with some other person or persons. Appellant contends that the court was not warranted in charging on a joint attack. According to the testimony of an officer, appellant stated to him at the scene of the homicide that he had been "ganged"; that he got one of the parties; that the others ran away. In short, according to appellant's version, he had been attacked by several. Thus, it appears that the court's charge was based on the evidence; and we are unable to perceive in what respect said charge was an improper limitation of appellant's right to defend himself.

We find nothing in the evidence raising the issue of the defense by appellant of his home.

It is shown in bill of exception 14 that, in argument to the jury, special prosecutor used language as follows: "Now, gentlemen, they talked to you about putting yourself in the defendant's position viewed from the standpoint of the defendant. All right, listen—do you know what the standpoint of the defendant is? No. The standpoint of the defendant is what the testimony and circumstances show as evidence introduced from this witness stand." Appellant objected on the ground that the argument constituted a reference to his failure to testify. The bill of exception is insufficient in failing to certify that appellant did not testify.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In connection with his motion for rehearing appellant presents an application for a writ of certiorari, accompanied by a copy of his written application for a continuance made at the time of trial because of a claim of surprise at the testimony of two State witnesses, whose names were not furnished appellant at the time of his announcement of ready for trial, and when he requested a list of all State

witnesses. Appellant prays for the grant of the writ of certiorari to have said written applications incorporated in the transcript on appeal. Responding, we have examined said applications for continuance and deem neither sufficient. What appellant says he expects to obtain as a result of the continuance sought, is stated with uncertainty, and no affidavit of either of the absent witnesses is attached to the motion for new trial, and the matter appears to be one of no avail to appellant.

In his motion for rehearing, and as basis for his complaint that the charge of the trial court did not properly submit appellant's right to defend against a joint attack,—that part of the court's charge is set out as follows:

"If you believe from the evidence that the defendant, Bill Easterwood, was unlawfully attacked by Joe Edmondson, acting either alone or in connection with some other person or persons; or was about to be unlawfully attacked by Joe Edmondson, acting either alone or in connection with some other person or persons, in such manner that there was created in the mind of said Bill Easterwood a reasonable expectation or fear of death or serious bodily injury at the hands of said Joe Edmondson, acting either alone or in connection with some other person or persons;" etc.

If we understand appellant's point in his complaint it is that this makes his right to act in self-defense depend on either an actual or threatened attack by Joe Edmondson alone. We can not agree with appellant. He did not testify nor offer the testimony of any person who claimed to have seen or to know facts supporting self-defense on the part of appellant against a real or threatened attack by any individual or group. The only support found for such theory in the record is the statement of appellant to officer Burrow, who testified, in substance, that appellant stepped out of a stairway in the nighttime and said to the officer "They ganged me; I got one of them, and the others run off," and at which time deceased Edmondson was lying dead at the foot of the stairway, out of which appellant had just appeared,—the body of deceased being mutilated, beaten and shot. The officer heard no struggle, saw no one run away, but testified the blood on deceased was dry, and that on the pistol and stairway was also dry, and gave no testimony indicating any recent struggle. In our opinion the charge complained of presented as fully as the facts warranted the theory of self-defense against a joint attack.

Nor are we able to agree with appellant that his bill of exceptions 14 in anywise supports the theory, or certifies, that

appellant did not testify as a witness in the case. We have again examined this bill of exceptions, and think our conclusion concerning same announced in our original opinion is correct.

Not being able to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*