HOMER TATE V. THE STATE.

No. 21036. Delivered May 1, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Oxford & McMillan,* of Stephensville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the theft of one head of cattle, and upon conviction therefor was sentenced to serve a term of four years in the State prison.

The testimony of the State shows that the complaining witness Mr. Polk lost a certain Jersey cow sometime in December, 1938, in Erath County, and she was later located in Palo Pinto County sometime in September, 1939. The State showed that appellant and one Robert Caldwell took this cow in December, 1938, to Palo Pinto County and there sold her for $23.00 and divided the money received therefor between themselves. The State relied upon circumstantial evidence to establish the unlawful taking, and the court so instructed the jury in a proper charge thereon.

The appellant complains in his bill of exceptions No. 1 because of the following facts: In the beginning of the trial appellant's attorney filed a written motion before the trial court praying that he enter an order requiring the district attorney to furnish the defendant with a list of the witnesses whom he expected to use in the trial of the case. Although it seems that the court did not make any ruling on said motion, nevertheless the said attorney did furnish such a list to the defendant's attorney of nine witnesses, omitting the name of one witness, and also the name of Robert Caldwell, who was also indicted for the theft of the same cow. When said Robert Caldwell was offered in evidence by the State the appellant pleaded suprise on account of the fact that said witness' name was not included in the names furnished him by the district attorney, and this fact is made the basis of this bill.

Art. 392, C. C. P. reads as follows: "The attorney representing the State shall prepare all indictments which have been found, with as little delay as possible, and deliver them to the

foreman, who shall sign the same officially, and said attorney shall indorse thereon the names of the witnesses upon whose testimony the same was found."

It can readily be seen from a reading of this statute that the same is only directory—not mandatory, and has been so held from the beginning of our State jurisprudence. See Steele v. State, 1 Texas, 142; Walker v. State, 19 Texas Crim. App. 176; Jackson v. State, 280 S. W. 836; Easterwood v. State, 101 S. W. (2d) 576; Pruett v. State, 24 S. W. (2d) 41, and many other cases.

A reading of the statute will readily show the implausibility of appellant's contention. The phrase "and said attorney shall indorse thereon the names of the witnesses upon whose testimony the same was found," if carried out to its herein contended conclusion, would mean that only the witnesses who appeared before the grand jury could be used upon the trial of the case, and any later discovered witnesses, or new rebuttal witnesses, would be precluded from testifying. We do not attach any importance to appellant's claim of surprise when confronted with the witness Caldwell. In the indictment returned herein counts three and four thereof alleged that appellant had received this property from Robert Caldwell and concealed same, etc. He filed no application for a continuance, but merely relied upon his bill. We do not think same reflects any error.

What we have first above said also applies to appellant's bill No. 2, which relates to the omission of the name of Boss Ray in the names of the witnesses furnished to appellant at the opening of the case. It is evident from the progress of the case that the testimony of Boss Ray only became admissible in rebuttal of the appellant's defense, which doubtless could not have been accurately anticipated before the trial began.

Bill of exceptions No. 2 is concerned with the following argument of the county attorney in the opening address to the jury: "Gentlemen of the jury, our Constitution and our laws give to every person certain safeguards, among those are these: The right of a trial before a fair and impartial jury, in open court, and before an impartial judge, and the right to be represented by counsel of his own selection, and the right to compel the attendance of witnesses in his behalf, and is not compelled to testify in his own behalf." Immediately upon objection the trial court sustained the objection and instructed the jury to disregard such argument.

Evidently the county attorney was attempting to quote Section 10 of Article I of the State Constitution, commonly called the Bill of Rights, and made only a casual reference to appellant's right to not be compelled to testify against himself, the same thing that the trial court later mentioned in his charge to the jury. The case of Wimberly v. State, 6 S. W. (2d) 120, seems to be in point, and we quote therefrom:

"The transcript contains two bills of exception. The first complains of a statement made by the district attorney in his closing argument, deemed by appellant to be a comment on the failure of the defendant to testify. The statement made as set out in the bill was as follows:

" 'The defendant in a criminal case has every right guaranteed to him, and is given the benefit of the presumption of innocence and the reasonable doubt; he is not required, and cannot be required, and cannot be compelled, to take the witness stand and testify as a witness in his own behalf.'

"It is customary for trial courts to instruct the jury that the accused does not have to testify, and that his failure to testify cannot be taken as a circumstance against him, and it has been held that the attorney for the state in his argument, who reads that portion of the court's charge, and makes no comment upon it, commits no reversible error. Unless something should appear in the statement made from which this court might conclude that the language was such as to induce the jury to consider against the accused the fact that he did not testify, we would not be inclined to hold such action reversible error. The statement made by the district attorney in this instance was in almost the exact language used by the court in the charge, and it does not appear to have been made with any sort of purpose of calling the jury's attention to the fact, or in anywise using it against the accused. We do not believe the action amounted to more than a casual reference. Goldsberry v. State, 92 Tex. Cr. R. 108, 242 S. W. 221; Kimbrough v. State, 99 Tex. Cr. R. 535, 270 S. W. 862."

The above case seems to answer appellant's contention.

Bills of exceptions Nos. 4, 5 and 6 are all based on the same legal proposition, and that is the general doctrine that where the *State* has introduced a statement of the accused which exculpates him from criminality in the charged offense, it becomes the duty of the State to disprove the exculpatory portion thereof under certain circumstances. That this is a sound principle of law we again assert, and a lucid explanation thereof will

be found in the opinion by Judge Hawkins on the motion for a rehearing in the case of Otts v. State, 116 S. W. (2d) 1084, 135 Tex. Cr. 28, 116 A. L. R. 1454. However, it is to be noted that such duty devolves upon the State only in the event such statement is introduced by the State. We note from the trial court's qualification to the bills in the present situation the exculpatory matters introduced herein were brought out by the appellant in his cross-examination of the State's witnesses, and were not adduced by the State in their examination in chief. It is said in the Otts case, supra:

"Where the defendant does not testify in the case, and where the State in developing its case in chief introduces in connection with a confession or admission of the defendant an exculpatory statement which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case." Also see the case of Tate v. State, 31 S. W. (2d) 453, wherein it was held, in effect, that the duty of disproving such a statement did not lie upon the part of the State where it did not rely wholly or even in most part upon such a statement for a conviction, citing Slade v. State, 29 Texas Crim. App. 381, 16 S. W. 253; Wilkinson v. State, 23 S. W. (2d) 731; Casey v. State, 54 Texas Crim. Rep. 587, 113 S. W. 534.

We see no error reflected in these three bills for two reasons: In the first place the State did not introduce such an exculpatory statement, and, in the second place, same was not relied upon either in whole or in part for a conviction.

We note from the judgment that the trial court failed to apply the terms of the indeterminate sentence law, Art. 775 C. C. P. The sentence will therefore be reformed so as to sentence the appellant to serve a term in the State penitentiary of not less than two nor more than four years, and as thus reformed the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

We have carefully reconsidered the record in the light of appellant's motion for rehearing and are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.