JACK B. JACKSON V. THE STATE.

No. 21826. Delivered January 14, 1942.

The opinion states the case.

*Lawrence L. Barber* and *Travis Smith,* both of Seagraves, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault, and given a penalty of six months in jail and a fine of $750.00.

On Sunday afternoon, February 23, 1941, D. B. McGinty was present in a drink and dance place in the town of Wasson, in Gaines County, and with a companion was drinking beer, and had also had some drinks of whisky. Either he or his companion was acting rather boisterously at such time, possibly to the annoyance of the proprietor of this establishment, as well as to the patrons thereof, which was known as "Babe's Place." This "Babe's Place" seemed to have been rather popular, there being a large crowd present, and in the booth next to the one occupied by McGinty and friends was located the appellant, his wife and a Mr. Hill. During the festivities, which included dancing, McGinty was assaulted by some person, and his throat was severely cut, from which wound he narrowly escaped death. The State's witnesses testified that the appellant was the person who cut Mr. McGinty, the instrument striking him on the side of the neck and coming around in front, resulting in the loss of much blood on McGinty's part.

Appellant's bill of exception No. 1 is based upon a refusal of the trial court to grant a motion for a continuance, and contains many proffered reasons therefor. Among some of the reasons given by the trial court for overruling the motion was a lack of diligence exercised by appellant in finding out the names and applying for subpoenas for desired witnesses. Suffice it to say, we think the trial court was correct in saying that appellant lacked diligence in not only ascertaining the names of his witnesses, but also in applying for subpoenas therefor. We also observe that all of the witnesses save three, whose absence was the basis of this motion, appeared and were present at the trial. Mr. Poer was absent, and although a subpoena was issued at appellant's request for Poer to Hockley County, it seems that appellant's attorneys at such time knew he was a resident of New Mexico. Mr. McAlister and Mr. Cox were transient persons and lived in Duncan, Oklahoma, and were never available to appellant. The remaining witnesses were present at the time of the trial. The careful trial court heard testimony relative to the many matters set forth in the motion, and in his order overruling the motion found that the appellant did not use diligence in such matters, and we are of the opinion that such court was correct in his finding.

We next find a motion to quash the indictment in this cause on account of the fact that appellant's wife was summoned

before the grand jury, and testified before such body. Nowhere in said motion is there shown anything further relative to what testimony she gave, but it is there shown that she was duly warned by the State's attorney, and that she gave her testimony voluntarily, although appellant did not agree to her appearance before such body. It is noted, however, that although shown to be present and in company with appellant at the scene of the assault upon Mr. McGinty, appellant's wife was not placed upon the stand and did not testify, nor is there any mention made in the record of her failure to give any testimony in the case. It will be noted that the situation with which we are here confronted is entirely different from the case of Doggett v. State, 86 Tex. Cr. R. 98, 215 S. W. 454, wherein it was held that upon cross-examination of accused's wife she was impeached by a witness who testified as to former statements made by the wife before the grand jury not in accord with statements made in the trial of the case, and such conduct was held to be error requiring a reversal of the case; but no mention therein is made of the fact that such would vitiate an indictment returned against the husband by that grand jury. We do not think that the mere presence of the wife before the grand jury would vitiate an indictment found against the husband by such grand jury. Oftentimes grand juries are not possessed of sufficient knowledge relative to the commission of a crime as to immediately name the perpetrator thereof, and in their search for such they might inadvertently call before them the spouse of the after indicted person, and to hold such to be fatal to the indictment would demand of such inquisitors knowledge of which they could not possibly be possessed. Also see Watt v. State, 235 S. W. 888. We think the trial court was correct in overruling such motion.

We find a further motion in the record called a second motion to quash the indictment in which it is alleged that the minutes of the trial court failed to contain a record of the return of the indictment herein into court; and because the indictment did not have the names of the witnesses endorsed upon the same; and because the appellant was not served with a certified copy of such indictment.

It appears from the record that at such time the trial court, on proper motion, ordered the district clerk of Gaines County to enter in the minutes of said court the entry relative to the return of the indictment by the grand jury now for then in order that such minutes might speak the truth. It also appears

from the record that such indictment was endorsed as follows: "No. 259 The State of Texas v. Jack B. Jackson Indictment Offense Assault with intent to murder A true bill R. W. Pittman, Foreman of the Grand Jury Presented in open Court by the Grand Jury, a quorum thereof being present, and filed the 20 day of May 1941, Frankie Freeman, Clerk District Court. Amount of Bail, $2500.00." We see no error in causing the minutes to speak the truth nunc pro tunc. See Ex parte Patterson, 141 S. W. (2d) 319.

It also appears that the appellant was out on bond at the time of the trial and had been so enlarged since the 21st day of May, 1941, and under the statute it was not the duty of the clerk to furnish him with a certified copy of the indictment unless so requested by appellant, see Art. 489, C. C. P., but we note that upon such request the clerk did furnish appellant with the desired copy.

It has also been held that Art. 392, C. C. P., which reads in part as follows: " * * * and said attorney shall endorse thereon the names of the witnesses upon whose testimony the same was found," is merely directory and not mandatory. See Steele v. State, 1 Tex. 142; Walker v. State, 19 Texas Crim. Rep. 176; Tate v. State, 139 Texas Crim. Rep., 616; 141 S. W. (2d) 351; Pruett v. State, 114 Tex. Cr. R. 44, 24 S. W. (2d) 41; Easterwood v. State, 132 Tex. Cr. R. 9, 101 S. W. (2d) 576.

The third motion to quash the indictment is based upon allegations relative to the fact that some of the witnesses whose names did appear on the back of the indictment were not utilized, and some of these names were incorrectly entered thereon. We fail to see wherein such a failure should enter into a motion to quash the indictment, and what we have said in relation to the last above motion to quash is pertinent here.

We also find under a separate cover from the transcript herein a document that is endorsed "Defendant's Bills of Exception" with a file mark on the cover thereof showing same to have been filed on August 26, 1941, with the district clerk of Gaines County. Within this cover we find what seems to be the original bills of exceptions, but nowhere therein do we find a certificate of the district clerk that same are such bills of exceptions, nor other than the file mark on the cover of such instrument do we find any certificate relative to the filing of such bills. The errors complained of in the bills are again

properly presented in the record mainly as motions to quash the indictment, and have already been noticed by us, with the exception of certain testimony that was offered by the State and given by the witness Miss Pert Marshall, who testied that she had certain conversations with appellant before this trial, and finally she said, in substance, that appellant requested her to leave and not be present at his trial, to which request she seems to have finally acceded, and some one took her to the bus station in appellant's car, and she was later found in the town of Pontotoc, in Mason County, and was brought back by the sheriff, and gave damaging testimony against appellant relative to the facts. We think that it appears from the evidence that appellant knew that this witness saw the transaction when Mr. McGinty's throat was cut, and he was actively interested in keeping her from testifying relative to the facts, and that he caused, aided and assisted her in absenting herself from such trial, and we think such testimony was properly admitted. In Branch's Ann. Penal Code, Sec. 162, p. 93, we find the following:

"If defendant authorized or was present when money was offered or paid witness to leave, or to suppress or manufacture evidence, or himself attempted to or did tamper with the witness, it is not error to admit proof of such transaction. Clark v. State, 43 S. W. 522; Ezell v. State, 71 S. W. 283; Booth v. State, 52 Tex. Cr. R. 454, 108 S. W. 687; Parks v. State, 46 Tex. Cr. R. 104, 79 S. W. 301; Day v. State, 62 Tex. Cr. R. 448, 138 S. W. 130; Grimes v. State, 141 S. W. 263; Savage v. State, 170 S. W. 735." See also Spann v. State, 32 S. W. (2d) 455, 116 Tex. Cr. R. 268. See also 11 Texas Digest, p. 285, Criminal Law, Sec. 351, (10) for numerous cases cited.

It is also noted that appellant took the stand and testified herein, but in no way did he deny the transaction as testified to by Miss Marshall, nor did he place his wife upon the stand, nor did he place Mr. Hill, who was with him, upon the stand.

We see no error evidenced herein, and the judgment is accordingly affirmed.