**Larry HOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00635 CR.**

Court of Appeals of Texas,
Dallas.

July 21, 1982.

Robert M. Jones, Shelton W. Booth, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah Farris, Asst. Dist. Atty., for appellee.

Before GUITTARD, C. J., CARVER and SPARLING, JJ.

SPARLING, Justice.

Appellant was convicted of tampering with an odometer in violation of Tex.Rev. Civ.Stat.Ann. art. 6696b (Vernon 1977), and was punished by a $500.00 fine and 90 days in jail, probated. In four grounds of error appellant avers that the State failed to prove that venue was proper, that evidence of an offer in settlement of a civil claim arising from these facts was erroneously admitted into evidence, and that the evidence was insufficient to support a conviction. We disagree and affirm.

Appellant owned a Cadillac that he sold to a used car dealership, Texas Vehicle Management, located in Dallas County, Texas, which later sold it to Burns, the complainant. Soon after the purchase, Burns drove the Cadillac on a short vacation and discovered that the car used an inordinate amount of oil, indicating motor trouble. Burns, during an investigation of the source of that motor trouble, learned that appellant had periodically had the car serviced by the Cole Motor Company, located in Walker County, Texas. Burns inspected the Cole Motor Company repair records and discovered that the odometer indicated 49,009 miles at the time of the last service. In contrast, when the car was later sold to Texas Vehicle Management the odometer registered 32,251 miles—which was represented as true by the appellant in writing. The reduction of 17,858 miles, as shown by the odometer, is the basis of the criminal charge.

■ Appellant claims the trial was improperly held in Dallas County because there is no evidence indicating where the offense occurred. Proof of venue is presumed unless (1) it is made an issue in the trial court, or (2) venue otherwise affirmatively appears to the contrary from the record. Tex.Code Crim.Pro.Ann. art. 44.24 (Vernon 1977). Although there is no affirmative proof in the record that the odometer was tampered with in a county other than Dallas County, the issue of venue was properly raised in Appellant's Motion for Instructed Verdict. *Lyles v. State,* 158 Tex. Cr.R. 509, 257 S.W.2d 310 (1953).

■■ Article 13.19 of the Texas Code of Criminal Procedure provides that "[i]f an

offense has been committed within the State and it cannot readily be determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides . . . ." (Vernon 1977). We hold that the evidence is sufficient to prove that the offense occurred at an undetermined location in Texas. Therefore, the appellant's testimony that he was a Dallas County resident properly places venue in Dallas County. Ground of error one is overruled.

In appellant's second ground of error he complains that the court improperly admitted testimony of an offer of settlement. Larry Goodman, vice-president of Texas Vehicle Management, testified that after Texas Vehicle Management had sold the car, Burns called him, explained that he had car trouble and had gotten service records showing that the mileage was different from that shown when he bought it. Goodman then relayed this information to appellant, who later offered $500 "to go to repairs of the Cadillac." After Burns declined this offer, appellant made another offer of $750.

Appellant's counsel objected to this evidence on the ground that "at that time they were threatening a civil suit and these statements were made in an effort to settle a civil suit." The judge overruled the objection, but instructed counsel and the witness "not to go into any testimony with regard to a civil suit." No evidence of a claim for civil damage was presented.

■ Generally, offers of compromise and settlement are inadmissible in civil cases, and plea negotiations are inadmissible in criminal cases. To hold otherwise would discourage the settlement of controverted claims or criminal charges. *Otwell v. Scott,* 425 S.W.2d 9, 13 (Tex.Civ.App.—Texarkana 1968, no writ), *Stafford v. State,* 125 Tex.Cr.R. 174, 67 S.W.2d 285, 286 (1934). In order to invoke the rule against admitting offers of compromise into evidence, there must be a dispute as to the validity or amount of the claim in controversy. *Smith v. Smith,* 460 S.W.2d 204, 205–06 (Tex.Civ.App.—Dallas 1970, no writ); *Ginsberg v. Selbest Dress, Inc.,* 238

S.W.2d 621, 623 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.); R. Ray, 1A Texas Practice, § 1142, at 289 (3d ed. 1980). Appellant's counsel made no attempt to show the existence of such a dispute by examining the witness in the absence of the jury, as he could have done notwithstanding the court's instruction. The evidence shows only that the offers in question were made after Burns had "filed charges" on appellant. Consequently, the case falls within the rule that an offer by the accused to pay money to the prosecuting witness to avoid prosecution are receivable in evidence as an implied admission of guilt. *Christesson v. State,* 171 Tex.Cr.R. 27, 353 S.W.2d 218, 221 (1962); *Booth v. State,* 52 Tex.Cr.R. 452, 108 S.W. 687, 688 (1908); McCormick & Ray, *supra,* at 33; 4 J. Wigmore, Evidence § 1061, at 46 (Chadbourn ed. 1972).

■ In appellant's third and fourth grounds of error he claims that the evidence is insufficient to support a conviction. We disagree. Appellant was the owner and user of the car during the period of time that the odometer was changed. Appellant sold the car, and presumably benefited from the car's appearance of having lower mileage. We hold that there was sufficient circumstantial evidence to support the verdict. Finding no error, we accordingly affirm.