## J. W. PEACOCK v. THE STATE.

*No. 876.     Decided May 20th, 1896.*

### 1.  Bribery of Witness—Indictment.

The indictment contained two combined charges of bribery of a witness in one count, one of which was good; and, the other charge was, that the parties, defendant and M., both being under indictment, defendant stated to M. that, "he would assist him to pay his fine", and saying: "I would rather pay your fine than mine." Held: this does not import a promise to pay, and it is not such language as conveys a certain and definite promise to pay some amount in consideration that the witness shall absent himself and is insufficient to support a charge of bribery.

### 2.  Same—Charge—Uncertainty as to Conviction.

Where an indictment, for bribing a witness, contained, in a single count, two charges, one good, the other bad, and the court submitted both in the charge to the jury, the conviction cannot be sustained, because of the uncertainty as to the charge upon which defendant was found guilty.

**3. Justices of the Peace—Holding Court in Another Precinct.**

Where a justice of the peace for one precinct holds court in another justice's precinct, proof should be made showing his authority, under provisions of Art. 1566, Rev. Stat., when it is sought to introduce evidence of his acts while holding such court.

APPEAL from the District Court of San Saba. Tried below before Hon. W. M. ALLISON.

Appeal from a conviction for bribery; penalty, two years' imprisonment in the penitentiary.

The indictment is set out in the opinion.

The defendant excepted generally and specially to the indictment and moved to quash the same. "Because it fails to show upon its face that an offense against the law has been committed, even if the allegations therein contained are true;" and further excepting to the indictment defendant moved to quash the same, 'Because it is vague, indefinite and uncertain, in that it fails to disclose in plain and intelligible language the offense against defendant, that he might know what he is called upon to answer;' and for special exception to the indictment, among others, defendant moved to quash the same, 'Because the allegation setting out the agreement between the defendant and witness, which purports to be the bribe, is not set out in plain and intelligible language so as to show whose fine the defendant agreed with said witness to assist in paying.'

"Because the indictment fails to allege in plain and intelligible language which money was paid and which inducements were offered by defendant to said witness to induce him to disobey the said subpoena.

"Because it fails to allege that defendant bribed the witness to do an act that was in violation of law, or that would prejudice the State's interest in the prosecution of the case then pending against the defendant, or that would be of some advantage to the defendant, or to any other person. In that it fails to state that said witness was induced to leave the town of San Saba, where said court was then in session, and to remain away and secrete himself from said court during the remainder of said term or until said case was disposed of.

"Because it is repugnant, and inconsistent, and nonsensical, in that it states that defendant was served by subpoena to appear and answer, etc., by leaving the town of San Saba."

*Walters Bros.* and *Kearby & Muse*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No briefs for the State found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of the offense of bribery, and given two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. Ap-

pellant made a motion to quash the indictment in this case, which was
overruled by the court. The charging part of the indictment is as follows, to-wit: The said J. W. Peacock "did then and there unlawfully,
willfully, and corruptly bribe Gardner Morris, a witness, in this: The said
Gardner Morris was then and there a witness in a certain criminal cause
pending in the District Court of San Saba County, wherein the State
of Texas was plaintiff and J. W. Peacock was the defendant (No. 2009),
charged with assault and battery on the said Gardner Morris; and the
said J. W. Peacock did then and there unlawfully, willfully, and corruptly give to said Gardner Morris the sum of 30 cents in money, of the
value of thirty cents, and agreee with the said Gardner Morris to assist
him, the said Gardner Morris, to pay his fine; the said Gardner Morris
being also under indictment in the same court pending at the same
time, charged with unlawfully carrying on and about his person a pistol; the said J. W. Peacock stating to the said Gardner Morris, 'I
would rather pay your fine than mine.' This money was paid and these
inducements were offered by the said J. W. Peacock to the said Gardner
Morris to induce the said Gardner Morris to disobey a subpœna, which
had been legally issued and served upon the said Gardner Morris to appear and testify as a witness in said cause, by leaving the town of San
Saba, when said District Court was then in session, and by secreting
himself, against the peace and dignity of the State." The indictment
is in accordance with the form laid down by Judge Willson in his Criminal Forms (No. 66), and is a good indictment as to the alleged bribery
by giving to the said Morris the sum of 30 cents in money; but it will
be noticed that combined with this charge is also the further charge
that the said "Peacock agreed with the said Morris to assist him
(Morris) to pay his fine; the said Morris being also under indictment
in the same court pending at the same time, charged with unlawfully
carrying on and about his person a pistol; the said J. W. Peacock
stating to the said Morris, 'I would rather pay your fine than mine,' "
etc. The court, in its charge to the jury, submitted both issues to
them; and, as the jury found him guilty, without designating as to
what issue they may have found him guilty upon, this involves the
question as to the validity of the alleged bribe of assisting said Morris
to pay his fine. The statute (see, Penal Code, 1895, Art. 144) defines a
bribery as any "gift, emolument, money or thing of value, testimonial,
privilege, appointment or personal advantage, or the promise of either,
bestowed or promised for the purpose of influencing an officer, or other
person such as named in this chapter, for the performance of any duty,
public or official, or as an inducement to favor the person offering
the same or some other person." And the latter part of Article 145,
following, provides "that the bribe or the promise thereof must precede the act which it is intended to induce the person bribed to perform." Now, it will be observed that the indictment does not show
that any fine had been assessed or adjudged against the witness, Morris, in the case alleged to be pending; much less the amount thereof.

This is, in itself, a contingency, and, moreover, it does not allege that he promised to pay any distinct part of the fine. The language used is that he "would assist him to pay his fine." How much is not stated. This occurs to us to be a very indefinite promise upon which to predicate an accusation of bribery. In addition to this, the language by which the promise was conveyed is stated, and is as follows: "I would rather pay your fine than mine." This does not import a promise to pay, and without some innuendo—which is lacking in this connection—is not such language as conveys a certain and definite promise to pay some amount in consideration that the witness shall absent himself. This portion of the indictment is too vague and indefinite upon which to predicate a charge of bribing a witness, and, as the court submitted this issue to the jury along with the other, and instructed them, if they found the same to be true, to convict, and we cannot tell upon which charge they may have found appellant guilty, therefore the conviction in this case cannot be sustained. We would further remark in this connection that the language used by the one witness who testified as to the 30-cent bribe itself appears to be lacking in that degree of certainty which would authorize a conviction. The witness stated that nothing was said to him at the time about paying him that money to disobey the subpœna, and that he considered it a loan. If it can be shown, although a loan, that it was a mere guise to cover the bribe, still it may afford the ground of a conviction. Appellant also objected to the transcript of the record from the justice of the peace, which was introduced in evidence in this case. It appears that the original case against Peacock was tried in the Justice Precinct No. 7 of San Saba County by the justice of the peace of Precinct No. 1. The objection is that the record shows no legal right in the justice of the peace of Precinct No. 1 to sit and try a case in the Justice Court of Precinct No. 7, and that in the absence of such proof the court will not presume in favor of the jurisdiction, it being a court of limited jurisdiction. Article 1566, Rev. Stat., 1895, provides that "during the period of such vacancy, or whenever the justice of the peace in any precinct shall be absent or unable or unwilling to perform the duties of his office, the nearest justice of the peace in the county may perform the duties of the office until such vacancy shall be filled, or such absence, inability or unwillingness shall cease." Without deciding whether the lower court would be authorized to presume that the contingency provided for in said article had occurred to authorize the justice of the peace of Precinct No. 1 to sit and hold court in Precinct No. 7, we would suggest that on another trial of this case such proof should be made. The other questions in the case we do not deem necessary to discuss. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*