### Anthony Evans v. The State.

#### No. 3291. Decided November 15, 1905.

**1.—Bribing an Officer—Variance Between Allegation and Proof.**

The offer to bribe consisted in the following language as set out in the indictment: "How much will you take to turn me loose and let me go and get away." The language proved upon the trial as having been used by defendant, was: "How much will you take to turn me loose and let me go"—omitting the expression charged in the indictment, "and get away." Held no variance.

**2.—Same—Statutes Construed—Offer to Bribe an Officer—Evidence Insufficient.**

On a trial for offering to bribe an officer, where the defendant asked the officer who was taking him to jail, how much he would take to turn him loose and let him go and get away, and there was no actual offer to bribe made to the officer by defendant, or any inducement held out to him, the evidence was insufficient to sustain a conviction.

Appeal from the District Court of Marion. Tried below before Hon. P. A. Turner.

Appeal from a conviction of offering a bribe to an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. W. Reavis* and *L. S. Schluter,* for appellant.—On question of insufficiency of proof: Lovett v. State, 19 Texas, 174.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of variance: Lee v. State, 85 S. W. Rep., 804.

DAVIDSON, Presiding Judge.—Appellant was convicted under indictment charging that he offered to bribe Hill Thomas, deputy sheriff, who had him under arrest and conveying him to jail. The offer to bribe consists in the following language, as set out in the indictment: "How much will you take to turn me loose and let me go and get away?" The language proved upon the trial as having been used by appellant, was: "How much will you take to turn me loose and let me go?"—omitting the expression charged in the indictment, "and get away." It is claimed that this constitutes a variance. While this language in one sense is a variance, yet it is hardly of sufficient moment, in our judgment, to require reversal. If the expression "and get away," would add to the sense and meaning of appellant in the offer or attempted offer to bribe, and would convey the idea of bribery or offer of bribery, there would be something in this contention. But we do not believe that this language intensifies the meaning of appellant. "To turn me loose and let me go," sufficiently conveys the idea that he wished to be discharged from the custody of the officer. This meant freedom from restraint by virtue of the arrest, as did the expression, "and get away." Of course, if the expression, "and get away," was intending to mean let him escape from the country, in addition to simply freeing himself from arrest, it might become a material question, and the variance would be important. There might be a marked difference between freedom from arrest and an escape, as freedom from arrest, is ordinarily understood on the one hand, and escape from prosecution by leaving the country on the other. One might mean temporary freedom from arrest, and the other permanent. If the language "and get away" should carry with it the idea of permanent escape, when the other language would only convey the idea of temporary escape or freedom, then the variance between the language imputed and that proved might be serious. But we are of opinion, that, under the facts of this case, the variance is not fatal.

It is contended that the language imputed to appellant is not sufficient to bring it within the denunciation of the statute punishing an offer to bribe the officer to make escape. We are of opinion this position is correct. We do not think this remark was an effort directly or indirectly to bribe the officer. He may have been feeling his way to see if the officer would accept a bribe, but none was offered. No sum was offered, nor any inducement held out farther than to ask the question. This occurred within a short distance of the jail, and the officer replied that he was an officer and he must not talk that way to him; and this settled the incident. The prisoner was placed in jail. The question, as put under the facts of this case, we do not believe to be a sufficient predicate for prosecution for an offer to bribe an officer. The judgment is reversed and the cause remanded.

*Reversed and remanded.*