Zula Goldsberry v. The State.

No. 6884.   Decided May 3, 1922.

Rehearing Denied June, 1922.

### 1.—Bribe of Officer—Offer to Bribe—Sufficiency of Evidence.

Where the indictment charged that defendant offered a bribe to the sheriff not to arrest her and not to file complaint against her for the offense of possessing intoxicating liquor, etc., and the evidence showed that from the language used and the acts of defendant that such bribe was intended, there was no error in not submitting an instruction to acquit.   Distinguishing Evans v. State, 48 Texas Crim. Rep., 620.

### 2.—Same—Possession of Liquor—Search—Offer to Bribe Officer—Indictment.

Where, at the time of the trial for offering to bribe an officer, the so-called Dean law had been amended and the offense of possessing liquor thereby repealed, this did not require a dismissal of said indictment for bribery, and there was no error in overruling the motion to quash the indictment, as at the time the bribe was offered, the old law was still in force.   Besides, this was not a matter which could be raised by the defendant in the instant case.

### 3.—Same—Definition of Bribery—Arrest—Evidence—Search Warrant.

Where, upon trial of offering a bribe to an officer not to arrest defendant and file complaint, defendant contended that inasmuch as the officer had a search warrant to find intoxicating liquor in possession of defendant, and that the offer was made thereafter, there was no offense under the facts, but the record showed that the arrest was not made until after the bribe was offered, there was no reversible error.   Distinguishing Peacock v. State, 37 Texas Crim. Rep., 418.

### 4.—Same—Charge of Court—Definition of Law.

This court doubts the proposition submitted in the court's charge to the effect that it was not the duty of the sheriff to file complaint against defendant after finding in her possession intoxicating liquor.

### 5.—Same—Allusion to Defendant's Failure to Testify.

Where it was made to appear by bill of exceptions that while the county attorney was reading the charge of the court, and in the course of his argument he came to that part of the charge which instructed the jury that they must not consider against appellant his failure to testify, by stating that this must not be taken against defendant, this was not a violation of the rule.

### 6.—Same—Charge of Court—Additional Evidence—Practice in Trial Court.

There was no reversible error in permitting additional evidence on behalf of the State after the charge of the court had been read to the jury, in the due administration of justice; besides, counsel for defendant were given an opportunity for presenting additional charges.

**7.—Same—Requested Charge—Offer to Bribe Officer—Precedent.**

Where defendant requested an instruction to the effect that defendant had a legal right to talk to the officer about her arrest, etc., and to intercede for his clemency, etc., and to invoke his assistance, under the authority of Garner v. State, 97 S. W. Rep., 99, which the court refused, there was no error under the facts of the instant case.

**8.—Same—Burden of Proof—Rule Stated.**

Whether the burden of proof that the liquor found by the sheriff was possessed by appellant for medicinal purposes was on her or on the State, is not an issue in this case.

**9.—Same—Requested Charge—Practice in Trial Court.**

Upon trial to bribe an officer, there was no error in refusing a requested charge to the effect that if the thousand dollars was offered to the sheriff to get him to not give publicity to the matters found out or occurring at the time of the search of defendant's premises, and that her purpose in offering such bribe was to protect the reputation of her rooming house, she should be acquitted.

**10.—Same—Argument of Counsel—Requested Charges—Sufficiency of the Evidence.**

There was no reversible error in the complaint to the argument of State's counsel, or in the exceptions to submit requested charges, and the evidence being sufficient to support the conviction, there was no reversible error.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of attempt to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stone, Miller & Guleke,* for appellant.—On definition of offense: Hall v. State, 106 S. W. Rep., 149; Moore v. State, 44 Texas Crim. Rep., 45. Ex parte Richards, 44 Texas Crim. Rep., 565.

On question of arrest: Gentry v. Griffith, 27 Texas, 461; Ex parte Sherwood, 29 Texas Crim. App., 334.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Potter County of offering to bribe an officer, and her punishment fixed at two years in the penitentiary.

In April, 1921, appellant had a rooming house in Amarillo. On the 13th of said month the sheriff of the county, accompanied by several deputies, went to said house with a search warrant directing a search for same for intoxicating liquors and the arrest of appellant if such liquors were found. Quite a quantity of intoxicating liquor was found in said house. During the search appellant went into her

own room and locked the door, which was forced by the officers and appellant was found in the act of removing bottles of whisky from under her bed from a hole cut in the floor. She had four bottles of whisky in her hands when the door was broken open. Alcohol, tequila and whisky were found in the house. After the liquor was found appellant told the sheriff she wished to see him and told him she wanted to talk with him privately, and he walked with her into the kitchen of the house and she shut and locked the door. Mr. Roach, the sheriff, testified on this trial as follows: "She shut the door and told me that she couldn't afford for this thing to get out, and it was going to ruin her business and so on, and she wanted me to have these other men just to let everything go, asked me to, and said that she would make it right with me somehow. We talked there for several minutes and she said, 'How would a thousand dollars look to you?' I told her it would look awful good to me, but not under such circumstances, and she said, 'You are a fool if you don't take the money; all the rest of them are doing it.' I have forgotten just everything that was said there, several other things were said, but I know that was said. She locked the door when she went back there. She said, 'This will be just between you and I and no one else will ever know it.' Prior to the time she made that statement I had found the whisky in the house there."

Mr. Roach further testified that after this conversation took place he arrested appellant and placed her in jail. The indictment herein charged appellant with wilfully and corruptly offering to give and pay as a bribe to said Burton Roach the sum of one thousand dollars, with the intent and purpose to induce and influence said Roach, in violation of his official duty as such officer, to not arrest and to not file complaint against her charging her with having in her possession intoxicating liquor in violation of law.

By request for peremptory instruction to acquit appellant raised, and here argues at length, that the facts above mentioned, if true, would not in law amount to an offer to bribe. Evans v. State, 48 Texas Crim. Rep., 620, is cited as authority. In that case an officer having the accused in custody was conveying him to jail, and as they drew near thereto the prisoner said, "How much will you take to turn me loose and let me go?" This court held that while the prisoner may have been feeling his way to see if the officer would accept a bribe, none was offered; that no sum was offered nor inducement held out further than to ask the question above mentioned, and that a violation of the law was not shown. These facts are in no way similar to those in the instant case. Here we have the officer in possession of a warrant directing the arrest of appellant if intoxicants be found in her possession; same were so found; the official duty of the sheriff thus became fixed. Appellant's language to him as above set out has but one effect and can have but one interpretation: "This must not get

out, my business will be ruined, have these men just let everything go, I will make it right with you. How would a thousand dollars look to you? You are a fool if you don't take the money; all the rest of them are doing it. This will be just between you and I and no one else will ever know it." Art. 194, Vernon's P. C., says that the bribe need not be direct; it may be hidden in any manner designed to cover the true intention. The true intention of appellant is made perfectly apparent from her language. She even went so far when the officer declined to consider her veiled offer, as to tell him he was a fool not to take the money.

The indictment herein charged that appellant offered a bribe to the sheriff not to arrest her and not to file complaint against her for the offense of possession intoxicating liquor not for medicinal, etc., purposes. At the time of this trial the Dean Law had been amended and the offense of possessing liquor so changed as that the indictments which had been returned against this apellant charging her with possession of such liquor, had been dismissed. Appellant contends that for the same reasons requiring the dismissal of said indictments, the instant indictment was bad, and complaint is made of the overruling of a motion to quash herein. We do not agree with appellant's contention. The possession of intoxicating liquor not for medicinal, etc., purposes, was a violation of the law in April, 1921, when this bribe was offered. The offense here charged was offering to bribe the sheriff in order to induce him not to perform his duty. The duty in question was to arrest appellant for what was then a violation of the law and to file complaint against her. Such offense was complete when the offer of bribe was made. There has been no amendment to the law of bribery. If the matter sought to be influenced was then one within the duty of the officer, the crime was then committed and by no sort of reasoning can a subsequent amendment of the law relating to possession of liquor affect the status of the crime charged against appellant. Article 16 of Vernon's P. C., forbidding the punishment of one who has violated a law subsequently repealed, has no application here. There is another view of the matter. Whether the indictment later returned against appellant based on the possession of such liquor was good or bad, and whether the law under which the search warrant was issued be later repealed or not, or whether same be then constitutional or not, is not a matter which can be raised by the appellant. Flores v. State, 11 Texas Crim. App., 102; Mosely v. State, 25 Texas Crim. App., 515; Smalley v. State, 59 Texas Crim. Rep., 95. The question of the criminality of the act of the accused, whose bribe or offer thereof be under investigation, may not be shifted to the question of the regularity of the issuance of the capias or the search warrant, or the constitutionality of the law under which the officer was acting. We do not feel called upon to decide the soundness of the opinions in Moore v. State, 44 Texas Crim. Rep., 160, or Ex parte

Richards, 44 Texas Crim. Rep., 565, for the reason that in our opinion neither case is applicable here.

Appellant also contends that the matter alleged as that sought to be influenced by the offer if made, had already transpired and, therefore, an offer if made was not within the statutory definition of an offer to bribe; that is, appellant contends that she was already under arrest. We do not so read the record. The sheriff specifically states that he arrested her after this offer was made, and none of the other witnesses give any evidence to the contrary. We do not think the rules relative to an arrest, when the question under consideration is the admissibility of a confession, applicable to the question of an arrest in the sense in which that term is used in the instant prosecution. No arrest in the ordinary sense had been made, and from appellant's viewpoint that which she sought to avoid and to influence, which was the arrest, had not yet taken place. We find nothing in Peacock v. State, 37 Texas Crim. Rep., 418, adverse to this holding. In this connection, while the trial court gave a special charge asked by appellant to the effect that it was not the duty of the sheriff to file complaint against appellant, we are inclined to doubt the correctness of that proposition. Under Article 43, Vernon's C. C. P., it is the duty of the sheriff arresting one for a felony, as was this appellant, to take such person before a magistrate and there file or cause to be filed a complaint against such person. One held solely by virtue of an arrest made in search warrant is entitled, and it is necessary that there be filed some specific complaint, and we apprehend it is the duty of the officer making the arrest to file such complaint. In the instant case a felony was committed by appellant, and in the sheriff's presence, and we do not think he could be said to have performed his duty when he took her before the proper magistrate and there failed or refused to file complaint against her.

It is made to appear by bill of exceptions that while the county attorney was reading the charge of the court in the course of his argument and discussing its applicability to various phases of the evidence, he came to that part of the charge which instructed the jury that they must not consider against appellant her failure to testify. He read a line of that part of the charge and then remarked in substance that her failure to testify was not to be taken against her, and turned away from the matter. The trial court qualifies the bill of exceptions by saying that when the county attorney discovered what he had started to read that he then said:

"Well there is no need to read that. You can't consider that for any purpose whatever. Her failure to testify can't be considered for or against her in arriving at your verdict and you shouldn't comment upon it in the jury room one way or the other."

If this statement were susceptible or inference that it was intended as a discussion of the appellant's failure to testify, it might raise a

question, but nothing in the bill warrants such conclusion. Nor do we think the other bills of exception Nos. 7 and 42 show any such reference to appellant's failure to testify as might be called erroneous.

Bill of exceptions No. 12 shows that for what he deemed a sufficient reason the trial court permitted additional evidence on behalf of the State after the charges had been read to the jury. Numerous cases are cited in Branch's Ann. P. C., Sec. 378 uniformly holding that when the due administration of justice requires that evidence be admitted at any time before the close of the argument, this may be done without error. The complaint of the matter in the instant case is that after the admission of such evidence the charge was not resubmitted to appellant's counsel, nor were they allowed to withdraw such special charges as they desired. The trial court in his qualification to this bill of exceptions states that after said evidence was introduced he asked appellant's counsel if they wished to make any objection or ask other charges and they declined to answer. No error is shown.

Appellant asked the following special charge: "Gentlemen of the Jury: You are instructed that the defendant, Zula Goldsberry had the legal right to talk to the sheriff Burton Roach about her arrest, and as to any complaint or complaints which might be filed against her, and to intercede with the sheriff for his clemency, or for his aid in protecting the reputation of her place of business, and for his aid in procuring a legal disposition of the charges against her, and to invoke the sheriff's assistance. Now if you find and believe from the evidence that the defendant, Zula Goldsberry did or intended to do no more than this, you will find the defendant not guilty and so say by your verdict."

It is claimed that under the authority of Garner v. State, 50 Texas Crim. Rep., 364, 97 S. W. Rep., 99, this charge should have been given. We do not think so. Garner was an ignorant negro who was arrested for crap shooting. A pistol was subsequently found on his person. He and the officer differed materially as to what was said by him upon which the bribery charge was based. Garner claimed that he tried to get the sheriff to act for him in getting him off as light as possible and that his money offer to the sheriff was only intended as an effort to put into the sheriff's hands money with which to pay his fine. This court held that in such case a charge similar to the one just quoted, was proper. In the instant case the appellant did not take the stand, nor was there any testimony by any witness of any acts, words or conduct on her part upon which such special charge should have been based.

Whether the burden of proof that the liquor found by the sheriff was possessed by appellant for medicinal purposes, was on her or on the State, was not an issue in this case.

Appellant asked charges substantially to the effect that if the thousand dollars was offered to the sheriff to get him to not give publicity

to the matters found out or occurring at the time of the search of her premises, and that her purpose in offering such bribe was to protect the reputation of her rooming house, she should be acquitted. That appellant feared injury to her business and the effect of an arrest and prosecution, would afford no. sort of justification for an offer of money to the officer to fail or refuse in his duty. We find nothing in evidence calling for any charge that appellant would not be guilty if any acts, words or conduct of the sheriff led her to make such offer. If the contention in this regard were true and sustained by facts, it would show no justification of appellant, but might make of the officer an accomplice. However, there was no evidence at all of any act or word on the part of the officer which might have led her to make such offer.

Complaint is made of various portions of the argument of the State. Without setting these out we content ourselves with saying that we have examined each matter carefully and believe none of same presents any error. We have also gone attentively through the various exceptions to the charge of the court, but we find ourselves unable to believe any of same call for extended discussion or approval as presenting error. There are many special charges, and other matters complained of in the record which are not presented in the able brief for appellant. These have had our attention but seem to us to present no question worthy of discussion.

No evidence was offered on behalf of appellant save the documents showing her to have' been indicted for the possession of intoxicating liquor, and motions made by the State after the amendment to the Dean Law by the Second Called Session of the Thirty-seventh Legislature, to have said indictments dismissed, which was done. We have given the case careful study. Appellant was ably defended, and if any objections could have been made which were not presented, we are unable to conceive of same. We are constrained to believe that a fair trial was had in the court below, and that the evidence fully supports and warrants the judgment, and an affirmance is ordered.

*Affirmed.*