### JOE WIMBERLY V. THE STATE.

No. 11053.   Delivered February 15, 1928.

Rehearing denied April 18, 1928.

1.—Driving Automobile While Intoxicated — No Sentence — Appeal Dismissed.

There being no sentence appearing in this record the motion of the state to dismiss the appeal is granted.

ON MOTION TO REINSTATE APPEAL.

2.—Same—Record Perfected—Appeal Reinstated.

Appellant having filed his motion to reinstate his appeal and accompanies same by a duly certified copy of a sentence, which appears to have been properly entered, the judgment of dismissal is set aside and the cause reinstated.

3.—Same—Argument of Counsel—Not Improper.

Where the state's counsel in his closing argument quoted the charge of the court to the effect that the defendant in a criminal case has every right guaranteed to him and is given the benefit of the presumption of innocence and the reasonable doubt, he is not required and cannot be compelled to take the witness stand and testify as a witness in his own behalf. The statement does not appear to have been made with any sort of purpose of calling the judge's attention to the fact that the defendant did not testify or in anywise using it against the accused. We do not believe the action amounted to more than a casual reference. See Goldsberry v. State, 242 S. W. 221, and Kimbrough v. State, 270 S. W. 862.

4.—Same—Evidence—Harmless, if Error.

Where, on a trial for driving an automobile upon a public street while intoxicated, the sheriff was permitted to testify that the street running in front of the City Cafe in Fredericksburg was Highway No. 9, in view of the fact that other witnesses testified to the same effect without objection, and there was no contest whatever of the fact, the testimony of the sheriff manifests no error. See McLaughlin v. State, No. 11286, reported in this volume.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of driving an automobile along a public street while intoxicated, penalty a fine of $100 and thirty days in jail.

The opinion states the case.

*W. C. Linden* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for driving automobile while intoxicated upon a public street, punishment a fine of $100 and thirty days in the county jail.

Appellant was convicted for a felony. Claiming the record to present no showing of a sentence, the state moves to dismiss the appeal. We find no sentence in the record. The motion is granted. The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term the appeal was dismissed because of the fact that no sentence appeared in the record. Appellant files his motion for reinstatement and accompanies same by a duly certified copy of a sentence which appears to have been properly entered. The judgment of dismissal is set aside and the cause reinstated, and the case now considered on its merits.

The facts show, from the state's standpoint, that appellant drove a car while under the influence of intoxicating liquor on Highway No. 9 which runs through the town of Fredericksburg in Gillespie County. This occurred on the night of February 14, 1927. A number of witnesses testified to the facts supporting the state's theory. Appellant does not seem to have testified, but he introduced a witness who testified that on the night in question appellant—in the language of the witness—"was as drunk as a Monk," and that they started together down to the City Cafe. That they got in the car and appellant tried to drive and witness told him if he did not let him drive he was going to get out of the car, whereupon appellant turned the steering wheel over to the witness. Witness stated that when they left the cafe he again drove the car over the protest of appellant who wanted to get under the wheel and drive it away from the cafe. On cross-examination this witness admitted that when

the car left the cafe that appellant got in the driver's seat and took the wheel and turned the car around and came very near running into a man out there in the street. Witness admitted at this time appellant was operating the car and that he drove it a distance estimated by witness to be about as far as across the courthouse, or building, in which the case was being tried. This is substantially the testimony. We think it sufficiently shows appellant's guilt.

The transcript contains two bills of exception. The first complains of a statement made by the District Attorney in his closing argument, deemed by appellant to be a comment on the failure of the defendant to testify. The statement made as set out in the bill was as follows: "The defendant in a criminal case has every right guaranteed to him and is given the benefit of the presumption of innocence and the reasonable doubt; he is not required and cannot be required and cannot be compelled to take the witness stand and testify as a witness in his own behalf." It is customary for trial courts to instruct the jury that the accused does not have to testify, and that his failure to testify cannot be taken as a circumstance against him, and it has been held that the attorney for the state in his argument who reads that portion of the court's charge and makes no comment upon it, commits no reversible error. Unless something should appear in the statement made from which this court might conclude that the language used was such as to induce the jury to consider against the accused the fact that he did not testify, we would not be inclined to hold such action reversible error. The statement made by the District Attorney in this instance was in almost the exact language used by the court in the charge, and it does not appear to have been made with any sort of purpose of calling the jury's attention to the fact, or in anywise using it against the accused. We do not believe the action amounted to more than a casual reference. Goldsberry v. State, 242 S. W. 221; Kimbrough v. State, 270 S. W. 862.

The other bill complains of the fact that the sheriff was permitted to testify, over objection, that the street running in front of the City Cafe in the town of Fredericksburg was Highway No. 9, it being urged that this was secondary evidence, and that primary evidence of the destination of said street as such highway, was obtainable. In view of the fact that other witnesses testified without objection that said street was Highway No. 9, and that no contest whatever of this fact seems to be in the record, we deem the bill to manifest no error. McLaughlin v. State, No. 11286, opinion handed down April 4, 1928.

The judgment will be affirmed.                    *Affirmed.*